[Cite as *Henley v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5593.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brian D. Henley, | : | |
| Plaintiff-Appellant, | : | No. 16AP-168 |
| | | (Ct. of Cl. No. 2014-00275) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on August 30, 2016

**On brief:** *Brian D. Henley*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Velda K. Hofacker*, for appellee.

### APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Brian D. Henley, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), on Henley's claim of negligence, which was based on his allegation that a correctional lieutenant used excessive force on him. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Henley, who is in ODRC's custody, sued ODRC in March 2014. Henley alleged that Drew Crago, a correctional lieutenant at the Richland Correctional Institution, used excessive force on him on November 20, 2013. According to Henley, Lieutenant Crago negligently used unnecessary and excessive force when he pepper

sprayed Henley in the face after Henley already had been handcuffed and taken to the prison's "captain's office" in connection with his dispute with other officers. (Mar. 19, 2014 Compl. at 1.) ODRC asserted that the pepper spray was used to subdue Henley after he became aggressive toward an officer. The issues of liability and damages were bifurcated, and the matter proceeded to a trial on the issue of liability before a Court of Claims magistrate in May 2015. In August 2015, the magistrate recommended the court find that Henley failed to prove his claim by a preponderance of the evidence and therefore enter judgment in favor of ODRC. Additionally, the magistrate recommended the court find that Lieutenant Crago is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F).

{¶ 3} Henley filed objections to the magistrate's decision and, pursuant to Civ.R. 53(D)(3)(b)(iii), requested leave to use alternative technology in the form of an audio recording of the trial to support his objections. Finding Henley indigent, the Court of Claims granted his Civ.R. 53(D)(3)(b)(iii) request and, thus, reviewed the audio recording as part of its review of the objections. The Court of Claims overruled Henley's objections and adopted the magistrate's decision in its entirety.

{¶ 4} Henley timely appeals.

## II.  Assignments of Error

{¶ 5} Henley assigns the following errors for our review:

> [1.] The trial court's finding that Defendant was not negligent is against the manifest weight of the evidence.

> [2.] The Defendant must be held liable where the Defendant's employees acted in violation of either R.C. 2921.44(C) or Ohio Admin. Code 5120-9-04.

> [3.] Lt. Crago is not entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

## III.  Discussion

{¶ 6} For ease of discussion, we address Henley's first and third assignments of error together. Henley's first assignment of error alleges the Court of Claims's finding that ODRC was not negligent was against the manifest weight of the evidence. His third

assignment of error alleges that the Court of Claims erred in finding that Lieutenant Crago is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F).

{¶ 7} It is well-established that an appellant seeking reversal of a trial court's judgment has the burden of demonstrating error by reference to matters in the record. *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-965, 2012-Ohio-1665, ¶ 16. Pursuant to App.R. 9, an appellant must submit to the court of appeals a transcript of the trial court proceedings deemed necessary for appellate review. However, if a transcript is unavailable, an appellant may utilize App.R. 9(C) or (D). *See* App.R. 9(B)(4). A transcript is considered unavailable when an appellant is indigent and unable to bear the cost of providing a transcript. *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986). App.R. 9(C)(1) provides that if a transcript of lower court proceedings is unavailable, an appellant may prepare a statement of the evidence "from the best available means, including the appellant's recollection." As to cases initially heard by a trial court magistrate, App.R. 9(C)(2) states that "a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion." However, "[i]f any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court." App.R. 9(C)(2). App.R. 9(D) permits the filing of an agreed statement of the case in lieu of a record transcript. When portions of the transcript necessary for resolution of assigned errors are omitted from the record and the appellant has provided no acceptable alternative to a transcript, "the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 8} Henley's first and third assignments of error challenge the Court of Claims's immunity finding as to Lieutenant Crago and its determination that the facts do not demonstrate that ODRC was negligent. In accordance with R.C. 2743.02(F), the Court of Claims "has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86." *Johns v. Univ. of Cincinnati Med. Assocs.*, 101 Ohio St.3d 234, 2004-Ohio-824, syllabus. Immunity is a question of law, but determination of the issue requires consideration of the specific facts of the case. *Siegel v. State*, 10th Dist. No.

14AP-279, 2015-Ohio-441, ¶ 29. Furthermore, to prove actionable negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately caused by the breach. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). The state owes a duty to inmates to reasonably care for the inmates' health, care, and well-being. *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-12, 2012-Ohio-3382, ¶ 12. Whether there is a breach of that duty is determined based on the factual circumstances of the case. *See Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004-Ohio-2989 (breach of an imposed duty is a question of fact). Because these determinations are contingent on the underlying facts of each case, our review of the Court of Claims's conclusions on these issues requires a review of the evidence presented at trial. However, the record before this court does not include a transcript of the Court of Claims proceedings or a permissible substitute under either App.R. 9(C) or (D). As a result, we must presume the evidence supported the Court of Claims's determinations. Therefore, we overrule Henley's first and third assignments of error.

{¶ 9} In his second assignment of error, Henley asserts the Court of Claims erred in not finding ODRC liable because its employees violated R.C. 2921.44(C) and Ohio Adm.Code 5120-9-04. According to Henley, this court's decision in *Peters v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, combined with his allegation of negligence, required the Court of Claims to determine ODRC's liability under R.C. 2921.44(C). Henley also argues that Lieutenant Crago violated Ohio Adm.Code 5120-9-04 and that the Court of Claims should have considered that violation as proving his claim of negligence against ODRC. Henley's arguments are unpersuasive.

{¶ 10} As to Henley's negligence claim, the primary issue before the Court of Claims was whether ODRC breached its duty of reasonable care as to Henley's health, care, and well-being. The statute and administrative code provision Henley cites do not create a separate civil cause of action against the state, nor does Henley allege that they alter the state's common-law duty to exercise reasonable care as it relates to prisoners. R.C. 2921.44(C) is a criminal statute prohibiting dereliction of duty by a detention facility officer, and Ohio Adm.Code 5120-9-04 sets forth ODRC's administrative regulations concerning "[a]ppropriate supervision, discrimination and racial issues." In *Peters*, the plaintiff argued that ODRC was liable because its officer violated R.C. 2921.44(C). This

court determined that the plaintiff's reference to that criminal statute was unavailing because the plaintiff made no allegation of common law negligence and the statute does not create a separate civil action. *Peters* at ¶ 12-13, citing *Allen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-619, 2015-Ohio-383. Here, as Henley notes, he did allege negligence. While this case is distinguishable from *Peters* on that fact, it does not alter the underlying principle that R.C. 2921.44(C) does not create a separate cause of action. Similarly, the violation of prison regulations like those set forth in Ohio Adm.Code 5120-9-04 does not create a separate cause of action. *Peters* at ¶ 9-10. Because the statute and administrative code provision Henley cites do not create a separate cause of action, and because they do not alter the state's common law duty of care toward prisoners, the Court of Claims engaged in the proper analysis as to Henley's negligence claim when it determined that the degree of force Lieutenant Crago used was not excessive and satisfied ODRC's duty of reasonable care. Thus, Henley's reliance on R.C. 2921.44(C) and Ohio Adm.Code 5120-9-04 is unavailing.

{¶ 11} Because Henley fails to demonstrate that the Court of Claims erred in rejecting his arguments relating to R.C. 2921.44(C) and Ohio Adm.Code 5120-9-04, we overrule his second assignment of error.

**IV. Disposition**

{¶ 12} Having overruled all three of Henley's assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, P.J., and BROWN, J., concur.

———————————