[Cite as *Denier v. Carnes-Denier*, 2017-Ohio-334.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| CHARLES P. DENIER, | : | |
| | | CASE NOS. CA2016-02-012 |
| Plaintiff-Appellee, | : | CA2016-04-022 |
| | : | O P I N I O N |
| - vs - | | 1/30/2017 |
| | : | |
| CARRIE D. CARNES-DENIER, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12 DR 35897

Mark Webb, 140 North Main Street, Suite B, Springboro, Ohio 45066, for plaintiff-appellee

Rollman, Handorf & Conyers LLC, Jeffrey Rollman, 5740 Gateway Boulevard, Suite 202, Mason, Ohio 45040, for defendant-appellant

AWK Legal, LLC, Tyler Webb, 423 Reading Road, Mason, Ohio 45040, Guardian Ad Litem

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Carrie D. Carnes-Denier ("Mother"), appeals two judgments of the Warren County Court of Common Pleas, Domestic Relations Division, determining parenting issues concerning her children.

{¶ 2} Mother and Charles Denier ("Father"), were divorced on September 10, 2014.

Three children, Co.D., Ch.D. and Ca.D., were born issue of their marriage. The divorce decree designated Mother as the children's residential parent and provided Father no parenting time with Co.D. and Ch.D. pending counselling and gradually increasing parenting time with Ca.D. The decree reflected the parties' goal of gradual reunification between Father and the children.

{¶ 3} Mother and Father have engaged in extensive post-decree litigation related to parenting issues. In early 2015, Father moved for custody of the children. Later, after the children's guardian ad litem (GAL) recommended it, Father moved the court to adopt a shared parenting plan which he submitted to the court.

{¶ 4} In July 2015, a magistrate issued a decision on Father's motions, which adopted Father's shared parenting plan, subject to certain magistrate-recommended modifications. The plan provided Father with gradually increasing parenting time with Ca.D. and video conferences with Co.D. and Ch.D.

{¶ 5} Mother moved the court to stay the decision pending her objections. The court overruled Mother's request and simultaneously issued an interim order giving immediate effect to the July 2015 magistrate's decision for 28 days. The interim order provided that it would automatically renew for additional 28-day increments until the court had ruled on any objections.

{¶ 6} Mother filed objections to the July 2015 magistrate's decision. While Mother's objections were pending, the GAL filed a motion to modify parenting time. Father filed a new motion asking for custody of Ca.D. and a modification to parenting time with Co.D. and Ch.D. All of these motions were premised on Mother's alleged efforts to alienate the children from Father.

{¶ 7} In September 2015, the magistrate issued a decision on these three motions.

The magistrate deferred consideration of Father's request for custody until the court ruled on Mother's objections to the July 2015 magistrate's decision. But the magistrate recommended Ca.D. reside primarily with Father and that Father be designated Ca.D.'s residential parent for school purposes. Mother was granted alternating weekend parenting time with Ca.D.

{¶ 8} The court entered an interim order giving effect to the September 2015 magistrate's decision. The interim order provided that it was effective for 28-day increments and would automatically renew for additional 28-day increments. Mother did not file objections to the September 2015 magistrate's decision.

{¶ 9} On October 1, 2015, the magistrate held a hearing to review the status of the parties' parenting issues as scheduled in the July 2015 magistrate's decision. Following the hearing, the magistrate issued a decision that made changes to the current shared parenting arrangement. The magistrate's decision reflected that the changes were by agreement of the parties. The decision scheduled another hearing to review the status of the case on December 2, 2015. Mother did not file objections to this October 2015 magistrate's decision.

{¶ 10} On October 23, 2015, the court overruled Mother's objections to the July 2015 magistrate's decision. Mother appealed that judgment, which was the subject of an earlier appeal decided by this court. *See Denier v. Carnes-Denier*, 12th Dist. Warren No. CA2015-11-106, 2016-Ohio-4998 (hereafter, "*Denier I*").

{¶ 11} While *Denier I* was pending, Mother moved the court to remove the children's GAL, which she premised on the claim that the GAL was not acting impartially. And one week before the December 2015 review hearing, Mother moved the court for a continuance. Mother explained that she was not able to secure certain subpoenaed documents prior to the hearing.

{¶ 12} The magistrate denied the request for a continuance and the December

hearing proceeded as scheduled.[1]  On December 8, 2015, the magistrate issued a decision noting that Mother's request for a continuance was denied because Mother had notice of the hearing since early October 2015.  Nonetheless, the decision remarked that the hearing had been continued "in progress" to allow mother to obtain the documents she was seeking.  The decision denied Mother's motion to remove the children's GAL.

{¶ 13} Mother filed objections to this December 2015 magistrate's decision.  In January 2016, the court entered another interim order giving effect to the December 2015 decision for 28 days, with automatic renewal for additional 28-day increments.

{¶ 14} In late January 2016, the court issued its "Final Judgment Entry and Decree of Shared Parenting."  This entry contained the final version of Father's shared parenting plan and incorporated elements and concerns from hearings that had occurred and entries that had been journalized in the case since July 2015.  This entry is the first of the two that Mother is seeking relief from in this appeal.

{¶ 15} In February 2016, the magistrate issued a decision from the December 2015 review hearing (which continued in progress for two additional days in December 2015 and January 2016).  The decision found that no progress had been made in reuniting Father with Co.D. and Ch.D. and recommended "therapeutic intervention" to aid in reunification. Mother filed objections to this magistrate's decision.

{¶ 16} In a February 2016 entry, the trial court overruled Mother's objections to the December 2015 magistrate's decision.  In a March 2016 entry, the trial court overruled Mother's objections to the February 2016 magistrate's decision.  Mother also appeals from this judgment entry.

---

1. There is no entry denying the continuance request prior to the hearing date.  However, it appears the magistrate wrote "denied" on the face of the motion.

- 4 -

{¶ 17} In July 2016, this court issued its decision in *Denier I*. We affirmed the trial court, concluding that the court's decision to order shared parenting was supported by competent and credible evidence. *Id.* at ¶ 19.

{¶ 18} Mother assigns one error for our review:

{¶ 19} THE TRIAL COURT ERRED WHEN IT DENIED THE MOTHER DUE PROCESS BEFORE CHANGING THE RESIDENTIAL STATUS OF THE YOUNGEST CHILD AND MODIFYING THE PARENTAL RIGHTS AS TO THE OLDER TWO CHILDREN.

{¶ 20} While Mother's brief contains one assignment of error asserting a violation of due process, Mother presents seven issues for review involving various and overlapping procedural issues. For ease of analysis we address many these issues collectively.

DUE PROCESS

{¶ 21} "The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty, or property, without due process of law.'" *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054 (2000); *see also* the Due Process and Remedies Clauses, Section 16, Article I of the Ohio Constitution. The essential components of due process are notice, hearing and the opportunity to be heard before a competent tribunal. *Price v. Nixon*, 2d Dist. Clark No. 2010-CA-058, 2011-Ohio-2430, ¶ 31. "Essentially, '[a]mple opportunity must be afforded the parties in appropriate cases to defend, enforce or protect their rights through presentation of their own evidence, confrontation and cross-examination of adverse witnesses, and oral argument.'" *Id.*, quoting *Bakaitis v. Bakaitis*, 2d Dist. Montgomery No. 7997, 1983 WL 2446, *3 (May 23, 1983).

{¶ 22} The liberty interest of parents in the care, custody, and management of their children is perhaps the oldest of the fundamental liberty interests recognized by the United States Supreme Court. *Troxel* at 65. Thus "the Due Process Clause of the Fourteenth

Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66; *see also Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982); *In re Bayless*, 12th Dist. Warren No. CA90-09-064, 1991 WL 274312, *2 (Dec. 23, 1991).

<u>MODIFICATION OF PARENTAL RIGHTS AFTER JULY 2015</u>

{¶ 23} In the following issues for review, Mother alleges that the court violated her due process rights by various actions it took after she filed objections to the July 2015 magistrate's decision and her subsequent appeal of the entry adopting that decision.

{¶ 24} First, Second, Third, and Seventh Issues for Review:

- When an appeal is pending the trial court is prohibited from hearing the same issues without receiving an order from the Appellate Court permitting the trial court to move forward.

- It is plain error for a trial court to proceed with modifying a decision/temporary order that has not become a final order of the court.

- A trial court should not proceed to modify an order that has not become final and is subject to the Trial Court's review of a Magistrate's Decision.

- The trial court adopted a Share[d] Parent[ing] Plan that was not in conformity with the July 31, 2015 [decision] and while an appeal was pending.

{¶ 25} In all four issues, Mother presents variations of the same argument, i.e., that the trial court violated her due process rights by holding various modification hearings before a shared parenting plan had been adopted by the court and while *Denier I* was pending. Mother argues that this action violated her due process rights because it caused her "uncertainty" as to the "true issues" at the December review hearing. Mother never raised this argument with the lower court and is therefore limited to civil plain error analysis.

{¶ 26} The plain error doctrine in civil cases applies only in the "extremely rare case

involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 43, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). The doctrine implicates errors that are "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982).

**{¶ 27}** This court rejects the contention that Mother was unaware of or failed to receive notice of the issues that would be addressed at the December review hearing. The motions filed and issues raised following the July 2015 magistrate's decision were based on circumstances (Mother's conduct) that occurred after July 2015. Mother was on notice of Father's and the GAL's allegations that she was alienating the children from Father and otherwise failing to make efforts to normalize relations. Mother cannot claim that her uncertainty concerning whether objections to the July 2015 magistrate's decision would be sustained or whether the court would adopt a shared parenting plan caused her to have difficulty defending her post-July 2015 conduct. The July 2015 magistrate's decision recommending shared parenting was adopted as an interim order of the court. Until her objections were sustained, Mother should have proceeded with defending her parental rights on the basis of the interim order.

**{¶ 28}** Additionally, the parties' goal as provided in the divorce decree was the reunification of all three children with Father. In this case the court clearly used review hearings to monitor progress, or lack thereof, towards that goal. Mother was aware of the pendency of these review hearings, as the first was scheduled in the July 2015 magistrate's

decision. Additionally, Mother would have been aware that any issues or new facts relevant to reunification or the best interests of the children would be the subject of the review hearings. Mother had adequate notice and ample time between the hearing dates to conduct discovery and prepare her case.

{¶ 29} While Mother now contends that the court erred in holding modification hearings, Mother filed her own motions that were addressed at the hearings beginning in December, including her motion to remove the children's GAL. Consequently, Mother had the requisite notice and opportunity to be heard as required to afford her procedural due process.

{¶ 30} We next address Mother's argument that the court infringed upon her fundamental right to the care and custody of her children by continuing to exercise jurisdiction over shared parenting issues after she filed her appeal in *Denier I.* Generally, after the notice of appeal is filed, a trial court loses jurisdiction to proceed in any way that would interfere with an appellate court's ability to review, affirm, reverse, vacate, or modify the judgment of the trial court. *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 12th Dist. Warren No. CA2008-02-026, 2009-Ohio-1158, ¶ 11. However, Civ.R. 75(H), provides as follows:

> A motion to modify, pending appeal, either a decree allocating parental rights and responsibilities for the care of children, a spousal or other support order, shall be made to the trial court in the first instance, whether made before or after a notice of appeal is filed. The trial court may grant relief upon terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Civ.R. 62(B) does not apply to orders allocating parental rights and responsibilities for the care of children or a spousal or other support order. An order entered upon motion under this rule may be vacated or modified by the appellate court. The appellate court has authority to enter like orders pending appeal, but an application to the appellate court for relief shall disclose what has occurred in the trial court regarding the relief.

**{¶ 31}** Civ.R. 75(H) is tailored to the unique nature of issues relating to the care and custody of children, which are subject to constantly changing circumstances affecting a child's best interests. The rule empowers a trial court to modify judgments regarding parental rights that are pending appeal, subject to an appropriate bond to protect the rights of an adverse party. The rule provides a straightforward mechanism for protecting the best interest of a child during the appellate process. Accordingly, we find that the trial court had the authority, pursuant to Civ.R. 75(H) to modify parenting rights in the best interests of the children while *Denier I* was pending.[2] In sum, we find no violation of Mother's due process rights based on these issues, nor do we conclude that the court committed any error, much less plain error.

## USE OF INTERIM ORDERS

**{¶ 32}** Mother presents two issues concerning the trial court's use of interim orders.

**{¶ 33}** Fourth Issue for Review:

- A trial court should not use the interim order as a means to eliminate a parent's right to a timely review by the Court and a review by the Appellate Court.

**{¶ 34}** Mother argues that the court violated her due process rights through its use of interim orders. Mother argues that her life and Ca.D.'s were "turned upside down" because the magistrate's decisions were immediately enforced and she would have to wait until the trial court reviewed her objections to obtain an order she could appeal. Mother did not challenge the trial court's use of interim orders in the court below. Therefore, Mother's claim that the trial court improperly adopted the various interim orders is again subject to a civil plain error review. Furthermore, Mother does not specify which interim orders are the subject

---

2. We note that Mother had additional remedies under Civ.R. 75(H) of which she did not avail herself, including the right to petition directly to this court for vacation or modification of trial court's orders.

of this issue presented for review.

{¶ 35} There were two magistrate's decisions to which Mother objected and upon which the court issued interim orders: the July 2015 and the December 2015 magistrate's decisions. However, only the December 2015 decision is relevant in this appeal because the July 2015 decision (and any order enforcing it) is *res judicata*, i.e., it was or should have been raised and disposed of in *Denier I*.[3]

{¶ 36} The December 2015 magistrate's decision recommended the following, to which Mother objected: (1) denial of Mother's motion to remove the GAL; (2) denial of Mother's motion to continue the December review hearing.

{¶ 37} Mother has not appealed the court's denial of her motion to remove the GAL. Accordingly, she cannot claim that her due process rights were violated because the interim order delayed her ability to appeal that decision.

{¶ 38} With respect to the denial of the motion for a continuance, such an order would not have been a final appealable order even if the court, and not the magistrate, had entered it. *Venable v. Venable*, 3 Ohio App.3d 421, 427 (8th Dist.1981). Accordingly, Mother cannot demonstrate prejudice or a denial of due process.

{¶ 39} Fifth Issue for Review:

- A trial court cannot make an interim order automatically renewable every 28 days without issuing a new order.

{¶ 40} Mother argues that the court committed plain error and violated her due process rights by issuing 28-day interim orders that would automatically renew for additional 28-day increments. Mother argues that the Civil Rules required the court to have good cause to extend the interim order an additional 28 days and that the record does not reflect any

---

3. Mother challenged the use of the interim order in *Denier I* but we found the issue was moot because the interim order terminated when the court adopted the July 2015 decision. See *Denier* at ¶ 8.

indication that good cause was shown.

{¶ 41} Mother did not raise this issue with the lower court and we review for plain error. Mother does not specify which interim order violated her rights but we must assume it is the order that gave effect to the December 2016 decision. As previously described, the only recommendations in that decision adverse to Mother were the denials of her motion to remove the GAL and for a continuance.

{¶ 42} Civ.R. 53(D)(4)(e)(ii) provides:

> *Interim order.* The court may enter an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. The timely filing of objections does not stay the execution of an interim order, but an interim order shall not extend more than twenty-eight days from the date of entry, subject to extension by the court in increments of twenty-eight additional days for good cause shown. An interim order shall comply with Civ.R. 54(A), be journalized pursuant to Civ.R. 58(A), and be served pursuant to Civ.R. 58(B).

{¶ 43} We agree with Mother that Civ.R. 53(D)(4)(e)(ii) does not permit a trial court to issue an interim order that automatically renews. The plain language of the rule provides that an interim order expires at the end of the 28-day period unless it is extended for additional 28-day increments upon a showing of good cause. It does not appear that good cause was demonstrated.

{¶ 44} But even if the court erred in using this interim order, Mother cannot demonstrate prejudice. As discussed previously, Mother did not appeal the denial of her motion to remove the GAL. She has appealed the court's denial of her motion for a continuance of the December review hearing. However, the denial of the motion for continuance was not immediately appealable in any event as it is not a final appealable order; and, as will be discussed in the next section, we find no error in the decision denying Mother's requested continuance. Accordingly, even if the trial court erred, Mother cannot

- 11 -

demonstrate plain error. Furthermore, we perceive no violation of Mother's due process rights with respect to this issue.

DENIAL OF MOTHER'S MOTION FOR CONTINUANCE

{¶ 45} Sixth Issue for Review:

- A trial court should not proceed with a hearing when discovery has not been completed until after the hearing had substantially occurred.

{¶ 46} Mother argues that the court violated her due process rights by overruling her motion to continue the December 2015 review hearing. In the motion, Mother stated that she had not yet obtained certain subpoenaed documents from Franklin County Children's Services that she wanted to use at the hearing. The magistrate denied Mother's motion but indicated that the hearings would be continued in progress to allow Mother time to obtain the documents.

{¶ 47} Separately, the Franklin County prosecutor filed a motion to quash Mother's subpoena. The magistrate granted the motion but ordered the county to deliver the subpoenaed documents to it for an *in camera* review. After the *in camera* review, the court released certain redacted documents to Mother at some point after the first day of the hearing. Mother did not challenge the magistrate's order granting the motion to quash her subpoena subject to the magistrate's *in camera* review of the documents, nor does she assign error on appeal to the granting of the motion to quash.

{¶ 48} Nonetheless, Mother received some of the documents she requested while the review hearing was still in progress. However, she argues that the timing of the release prejudiced her because she did not see the documents before the first hearing date and was not afforded the opportunity to prepare a trial strategy or determine how to proceed at trial.

{¶ 49} We review the denial of a motion for a continuance under the abuse of

discretion standard. *State v. Blackmon*, 130 Ohio App.3d 142, 147 (12th Dist.1998), citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). In *Unger*, the Supreme Court of Ohio provided the following factors that a court can consider when evaluating a motion for a continuance:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68.

{¶ 50} We find that Mother was primarily responsible for the need for the continuance. Mother had two months' notice of the hearing date. Mother issued her subpoena to Franklin County Children's Services on November 23, 2015, and demanded Franklin County provide the documents on November 30, 2015 for use at the hearing scheduled for December 2, 2015. Mother would be aware that there would not be sufficient time to allow the court to decide the issue should Franklin County, as it did, move to quash the subpoena.

{¶ 51} Mother also does not explain the significance of the documents she requested other than to say they would "substantiate or disprove certain critical matters at issue." We are dubious of this claim however, given that Mother was provided the documents before the hearings resumed. In this respect, Mother fails to explain how her receipt of the documents on or shortly after the first day of the hearing prevented her from utilizing them effectively. The December 2, 2015 review hearing for which mother subpoenaed the documents was continued in progress to December 9, 2015 and again until January 19, 2016. The documents were available to Mother at these two later hearing dates, providing her more time to review them than the two days she had allowed pursuant to her subpoena. In sum, we perceive no abuse of discretion in the court's denial of the motion. Nor do we find any

prejudice or violation of Mother's due process rights.

{¶ 52} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.