[Cite as *Redmond v. Wade*, 2017-Ohio-7192.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

KERI B. REDMOND fka WADE
 now PATON,                        :

      Respondent-Appellant,         :          Case No.   16CA25

      vs.                                    :

ADAM R. WADE,                   :          DECISION AND JUDGMENT
                                              ENTRY

      Petitioner-Appellee.          :

_____

APPEARANCES:

Keri Redmond Paton, Louisville, Kentucky, pro se appellant.

Mark K. McCown, Ironton, Ohio, for appellee.

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 7-31-17
ABELE, J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment that modified a parenting time provision contained in a prior parenting decree. Keri B. Redmond fka Wade now Paton, respondent below and appellant herein, raises the following assignments of error:[1]

> FIRST ASSIGNMENT OF ERROR:
>
> "JUDGE COOPER FAILED TO PERFORM AND [SIC] INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION, WHICH IS AN ABUSE OF DISCRETION. * * * *"

---

[1] We have omitted extraneous material from appellant's assignments of error. *See Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, fn.1.

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRORED [SIC] IN A FINDING THAT DECREASING A PARENTS [SIC] VISITATION IS IN THE CHILD'S BEST INTEREST AND ABUSE OF DISCRETION, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [SIC]. * * * *"

THIRD ASSIGNMENT OF ERROR:

"THE LAWRENCE COUNTY COURT CONTINUES TO SHOW BIAS AGAINST THE MOTHER AND FOR THE FATHER WITHOUT ANY MERIT IN REGARDS TO ITS ORDERS. WHICH [SIC] IS A VIOLATION OF THE MOTHER'S RIGHT TO THE DUE PROCESS CLAUSE * * * *."

FOURTH ASSIGNMENT OF ERROR:

"THE COURTS OF LAWRENCE COUNTY, [SIC] CONTINUE TO GO AGAINST THE OHIO STATE LAW AND FAVOR THE FATHER OVER THE MOTHER. * * * *"

FIFTH ASSIGNMENT OF ERROR:

"BOTH MAGISTRATE MCWHORTER AND JUDGE COOPER FAILED TO FOLLOW RULE 2.2 IMPARTIALITY AND FAIRNESS A JUDGE SHALL UPHOLD AND APPLY THE LAW, AND SHALL PERFORM ALL DUTIES OF JUDICIAL OFFICE FAIRLY AND IMPARTIALLY [SIC]. RULE 2.3 BIAS, PREJUDICE, AND HARASSMENT. THIS APPELLANT REQUESTS THAT THE COURT OF APPEALS RECOGNIZE THE LAWRENCE COUNTY TRIAL COURT IS UNABLE TO PROCEED IN COURT HEARINGS WITH THIS MOTHER AND NOT BE BIAS [SIC] AGAINST HER."

{¶ 2} On May 3, 2016, the trial court entered a judgment that (1) terminated the parties' prior shared parenting decree, (2) designated appellee the child's residential parent, and (3) allocated parenting time to appellant. The court included the following provision regarding appellant's parenting time:

During [appellant]'s visits to the Lawrence County, Ohio area, the Court Ordered

Visitation will still be in effect and in addition thereto, she is granted additional visitation of two to three hours per visit so long as the child is not involved in a prior activity for the same period in [sic] time.

{¶ 3} On June 23, 2016, appellee filed a motion to modify appellant's additional Lawrence County parenting time and to order the parties to exchange the child at the Lawrence County Sheriff's office. He alleged that appellant has abused the additional visitation by frequently visiting Lawrence County on her non-weekend dates and attempting to disrupt appellee's activities. Appellee also asserted that appellant refused to return the child in a timely fashion and manner. Appellant further argued that exchanging the child at the Lawrence County Sheriff's office would alleviate issues that arise during the parties' exchange.

{¶ 4} On August 2, 2016, the magistrate modified the prior parenting decree to provide that appellant's additional Lawrence County parenting time "may occur a maximum of one time per month." The magistrate additionally ordered that the parties exchange the child at the Lawrence County Sheriff's office. The magistrate's decision further indicates that the court held a hearing concerning appellee's June 23, 2016 motion, but the record does not include a transcript of the hearing.

{¶ 5} On August 15, 2016, appellant objected to the magistrate's decision that limited her additional Lawrence County parenting time and that ordered the parties to exchange the child at the Lawrence County Sheriff's office. Appellant asserted that it is not in the child's best interest to decrease her parenting time. She further argued that the evidence fails to show that exchanging the child at the Lawrence County Sheriff's office is necessary.

{¶ 6} On August 17, 2016, the magistrate filed a "nunc pro tunc" decision. The decision indicates that the court held a hearing on July 20, 2016, and that the parties presented testimony

and arguments of counsel. The magistrate modified the prior parenting time decree to provide that appellant's "additional local parenting time * * * may occur a maximum of one time per month." The magistrate also ordered that the parties exchange the child at the Lawrence County Sheriff's Office, and that they communicate exclusively via the web application "Our Family Wizard."

{¶ 7} On September 12, 2016, the trial court overruled appellant's objections. In doing so, the court noted that appellant did not submit a transcript. The court thus determined that it "must find that the Magistrate made an accurate factual finding concerning both the issue of adjusting the additional visitation of the mother and as to the location for exchange of the child for visitation." The court therefore ordered that appellant's "additional local parenting time" be "limited to one time per month, with the mother giving sufficient advanced notice of her request for the additional local parenting time" and that the parties shall exchange the child at the Lawrence County Sheriff's Office. This appeal followed.

I

{¶ 8} Initially, we note that the decision involved in this appeal occurred while an appeal was pending from the May 3, 2016 decision that designated appellee the child's residential parent and that allocated parenting time to appellant. It is well-established that "'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, ¶17, quoting *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶8; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶12. Stated

differently, once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). If a trial court improperly exercises jurisdiction while an appeal is pending, any resultant orders are void. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶15.

{¶ 9} In cases involving parental rights and responsibilities, however, Civ.R. 75(H) permits a trial court to exercise jurisdiction during an appeal in certain circumstances. *Denier v. Carnes-Denier*, 12th Dist. Warren Nos. CA2016-02-012 and CA2016-04-022, 2017-Ohio-334, 2017 WL 399481, ¶¶30-31. The rule states:

> A motion to modify, pending appeal, either a decree allocating parental rights and responsibilities for the care of children, a spousal or other support order, shall be made to the trial court in the first instance, whether made before or after a notice of appeal is filed. The trial court may grant relief upon terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Civ.R. 62(B) does not apply to orders allocating parental rights and responsibilities for the care of children or a spousal or other support order. An order entered upon motion under this rule may be vacated or modified by the appellate court. The appellate court has authority to enter like orders pending appeal, but an application to the appellate court for relief shall disclose what has occurred in the trial court regarding the relief.

{¶ 10} "Civ.R. 75(H) is tailored to the unique nature of issues relating to the care and custody of children, which are subject to constantly changing circumstances affecting a child's best interests." *Denier* at ¶31. As the *Denier* court explained:

> The rule empowers a trial court to modify judgments regarding parental rights that are pending appeal, subject to an appropriate bond to protect the rights of an adverse party. The rule provides a straightforward mechanism for protecting the best interest of a child during the appellate process.

*Id.*

{¶ 11} In the case at bar, we believe that Civ.R. 75(H) empowered the trial court to consider the motion to modify the parenting time provision, even though an appeal of the parenting time decree was pending. Consequently, the court's order modifying appellant's additional Lawrence County parenting time is not void. We may, therefore, review the court's order. *See generally In re G.S.*, 4th Dist. Pike No. 14CA842, 2015-Ohio-1285, ¶19 (explaining that appellate court cannot review void orders).

II

{¶ 12} In her first assignment of error, appellant asserts that the trial court failed to conduct an independent review of the magistrate's decision.

{¶ 13} Civ.R. 53(D)(4)(d) governs a trial court's ruling on objections to a magistrate's decision and states: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Thus, a trial court's review of a magistrate's decision "contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed." *Knauer v. Keener*, 143 Ohio App.3d 789, 793–94, 758 N.E.2d 1234 (2nd Dist.2001).

{¶ 14} Civ.R. 53(D)(4)(d) presupposes, however, that a party objected to a magistrate's decision in accordance with Civ.R. 53(D)(3). Civ.R. 53 requires that a party objecting to a factual finding support the objection with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "In the absence of a transcript or an affidavit, a trial court is required to accept the magistrate's findings of fact and may only determine the legal conclusions drawn from those

facts." *Hopkins v. Hopkins*, 4th Dist. Scioto No. 14CA3597, 2014-Ohio-5850, 2014 WL 7499381, ¶25 (citations omitted). If the objecting party does not file a proper transcript of all relevant testimony or an affidavit of evidence, "'a trial court's review is necessarily limited to the magistrate's conclusions of law.'" *Allread v. Allread,* 2nd Dist. Darke No.2010CA6, 2011–Ohio–1271, ¶18, quoting *Dayton Police Dept. v. Byrd,* 2nd Dist. Montgomery No. 23551, 2010–Ohio–4529, ¶8. Consequently, a trial court may properly adopt a magistrate's factual findings without further consideration when the objecting party does not provide the court with a transcript of the magistrate's hearing or affidavit of evidence. *Hopkins* at ¶25, citing *In re Maxwell,* 4th Dist. Ross No. 05CA2863, 2006–Ohio–527, ¶27.

{¶ 15} Furthermore, the absence of a transcript or affidavit of evidence limits appellate review of a trial court's decision adopting a magistrate's decision.

> One of the predicates for appealing from a factual finding in cases initially heard by a magistrate is that the trial judge must have had an adequate opportunity to conduct a full review of the factual finding. That full review is not possible unless the appellant provided the trial court with an adequate description of the evidence presented to the magistrate--either through a transcript or, if a transcript is unavailable, an affidavit describing that evidence.

App.R. 9 2013 Staff Notes. Accordingly, "an appellate court will not review factual findings on appeal unless the appellant provided the trial court with" "a transcript or, if a transcript is unavailable, an affidavit describing that evidence." *Id.*, citing *Trammell v. McCortney*, 9th Dist. Summit No. 25840, 2011-Ohio-6598, ¶9-10; *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶10.

{¶ 16} Additionally, when a party objecting to a magistrate's decision does not provide the trial court with a transcript of the magistrate's proceedings, appellate review "is limited to whether the trial court abused its discretion in adopting the [magistrate]'s report." *State ex rel. Duncan v.*

*Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). "In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id.*; *accord Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009–Ohio–6490, ¶17 (stating that when a party does not file a transcript of evidence or an affidavit with the trial court, appellate review is limited to determining whether the trial court abused its discretion when applying the law to the facts). Therefore, when an appellant fails to present a trial court with a transcript of the proceedings conducted before a magistrate, or an affidavit that describes the evidence, appellate review is limited to the trial court's conclusions of law. *See* App.R. 9 2013 Staff Notes (explaining that "the absence of a transcript or affidavit at the trial court level should not preclude appellate review of a legal determination, so long as the appellant complied with the objection requirements of the applicable magistrate rule"). Furthermore,

> [w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record and the appellant has provided no acceptable alternative to a transcript, "the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

*Henley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-168, 2016-Ohio-5593, 2016 WL 4586090, ¶7, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *e.g., Lowery v. Bradley*, 4th Dist. Ross No. 16CA3532, 2017-Ohio-1273, ¶8.

{¶ 17} In the case sub judice, appellant did not submit a transcript of the proceedings heard before the magistrate or an affidavit describing the evidence. Because she did not object to the magistrate's decision in accordance with Civ.R. 53(D)(4), the trial court could not ascertain whether the magistrate properly determined the factual issues. *Hopkins* at ¶29. Instead, the court

was required to accept the magistrate's factual findings and could only review the legal conclusions drawn from those facts. Consequently, we disagree with appellant that the trial court erred by failing to conduct an independent review of the magistrate's decision.[2]

{¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

III

{¶ 19} In her second assignment of error, appellant asserts that the trial court abused its discretion by modifying the parenting time provision and that its decision is against the manifest weight of the evidence. She contends that "[t]here was no evidence presented at the trial that decreasing the mother's visitation time was in [the child]'s best interest."

{¶ 20} Appellant's failure to submit a transcript or an affidavit describing the evidence to the trial court to review with her objections precludes us from reviewing her second assignment of error. Without a transcript or affidavit describing the evidence, we simply have no basis to determine that the trial court abused its discretion or that its decision is against the manifest weight of the evidence. *Knapp*, 61 Ohio St.2d at 199; *Henley* at ¶7.

{¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

IV

{¶ 22} In her third, fourth, and fifth assignments of error, appellant argues that the trial

---

[2] We recognize appellant's complaint within her first assignment of error that the trial judge "should have challenged the jurisdiction of [the magistrate] due to the case being" on appeal. We addressed the jurisdictional issue earlier in this opinion.

LAWRENCE, 16CA25

judge and the magistrate displayed bias against her and favoritism towards appellee.

{¶ 23} "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by law and the facts.'" *In re Adoption of C.M.H.*, 4th Dist. Hocking No. 07CA23, 2008–Ohio–1694, ¶34, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus; *accord Hirzel v. Ooten*, 4th Dist. Meigs Nos. 06CA10, 07CA13, 2008–Ohio–7006, ¶62. R.C. 2701.03[3] provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Viars v. Ironton,* 4th Dist. Lawrence No. 16CA8, 2016–Ohio–4912, ¶57, 60; *Cooke v. Bowen*, 4th Dist. Scioto No. 12CA3497, 2013-Ohio-4771, 2013 WL 5786042, ¶¶9-10; *accord Taft, Stettinius, & Hollister, LLP v. Calabrese*, 2016-Ohio-4713, 69 N.E.3d 72, ¶29 (1st Dist.). Consequently, a court of appeals lacks "authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer v. Griffith*, 54 Ohio St.2d 440, 441–442 377 N.E.2d 775 (1978). As we noted in *In re Adoption of C.M.H.* and *Hirzel*, "challenges of judicial prejudice and bias are not properly brought before this Court. 'Rather, appellant must make such a challenge under the provisions of R.C. 2701.03, which requires an affidavit of prejudice to be filed with the Supreme Court of Ohio.'" *Hirzel* at ¶63, quoting *Baker v. Ohio Dept. of Rehab. and Corr.*, 144 Ohio App.3d 740, 754, 761

---

[3] R.C. 2701.03(A) provides:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

N.E.2d 667 (4th Dist.2001). Furthermore, "any allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel.'" *Wilburn v. Wilburn*, 169 Ohio App.3d 415, 421, 2006–Ohio–5820, 863 N.E.2d 204, (9th Dist.), ¶10, quoting *Szerlip v. Spencer*, 5th Dist. Knox No. 01CA30 (Mar. 14, 2002). Consequently, we are unable to consider appellant's arguments that the trial judge exhibited bias or favoritism.

{¶ 24} Although this Court cannot void a judgment based upon judicial bias, we "can review properly raised challenges to a magistrate's impartiality." *Lingenfelter v. Lingenfelter*, 9th Dist. Wayne No. 15AP-0062, 2017-Ohio-235, ¶10. Civ.R. 53(D)(6) states: "Disqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court."

{¶ 25} In the case sub judice, appellant did not file a motion under Civ.R. 53(D)(6) to disqualify the magistrate. Thus, she forfeited the right to raise the issue on appeal. It is well-established that "an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982); *accord State v. Quarterman*, 140 Ohio St.3d 464, 19 N.E.3d 900, 2014–Ohio–4034, 19 N.E.3d 900, ¶15. Thus, a party forfeits, and may not raise on appeal, any error that arises during trial court proceedings if that party fails to bring the error to the court's attention at a time when the trial court could avoid or correct the error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997); *Stores Realty Co. v. City of Cleveland Bd. of Bldg. Standards and Bldg. Appeals*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).

{¶ 26} However, appellate courts have discretion to consider forfeited errors under the

plain error doctrine. *Hill v. Urbana*, 79 Ohio St.3d 130, 133–34, 679 N.E.2d 1109 (1997), citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus (stating that "[e]ven where [forfeiture] is clear, [appellate] court[s] reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it'"); *State v. Pyles*, 7th Dist. Mahoning No. 13–MA–22, 2015–Ohio–5594, ¶82, quoting *State v. Jones*, 7th Dist. No. 06–MA–109, 2008–Ohio–1541, ¶65 (explaining that the plain error doctrine "'is a wholly discretionary doctrine'"); *DeVan v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 102945, 2015–Ohio–4279, ¶9 (noting that appellate court retains discretion to consider forfeited argument); *see Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 42 N.E.3d 718, 2015–Ohio–3731, 42 N.E.3d 718, ¶27 (stating that reviewing court has discretion to review forfeited constitutional challenges). For the plain error doctrine to apply, the party claiming error must establish (1) that "'an error, i.e., a deviation from a legal rule'" occurred, (2) that the error was "'an "obvious" defect in the trial proceedings,'" and (3) that this obvious error affected substantial rights, i.e., the error "'must have affected the outcome of the trial.'" *State v. Rogers*, 143 Ohio St.3d 385, 38 N.E.3d 860, 2015–Ohio–2459, 38 N.E.3d 860, ¶22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade*, 70 Ohio St.2d at 209 ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings.").

{¶ 27} The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases. *Goldfuss*, 79 Ohio St.3d at 121. The Ohio Supreme Court has set a "very high

standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Thus, "the doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d at 122 (emphasis sic); *accord Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004–Ohio–5719, 816 N.E.2d 1049, ¶43. "The plain error doctrine should never be applied to reverse a civil judgment simply * * * to allow litigation of issues which could easily have been raised and determined [during the trial court proceedings]." *Goldfuss*, 79 Ohio St.3d at 122. Accordingly, appellate courts "'should be hesitant to decide [forfeited errors] for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.'" *Risner* at ¶28, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983), fn. 2; *accord Mark v. Mellott Mfg. Co., Inc.*, 106 Ohio App.3d 571, 589, 666 N.E.2d 631 (4th Dist.1995) ("Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.").

{¶ 28} In the case at bar, the lack of a transcript renders us unable to evaluate whether the trial court plainly erred by failing to disqualify the magistrate. Once again, the record does not contain a transcript of the proceedings before the magistrate, or any other evidence to show that the magistrate displayed any bias. Consequently, we have no basis to find that the trial court should have disqualified the magistrate.

{¶ 29} Accordingly, based upon the foregoing reasons, we overrule appellant's third, fourth, and fifth assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Harsha, J., concurring:

{¶ 30} I concur in the judgment overruling Paton's assignments of error but write separately because I am not persuaded that Civ.R. 75(H) is applicable to confer jurisdiction on this appeal. Although Civ.R. 75(H) confers jurisdiction on trial courts in domestic relations cases to modify parental rights and responsibilities, the authority under the rule is limited to relief "pending appeal." See also *Denier v. Carnes-Denier*, 2017-Ohio-334, __ N.E.3d ___, ¶ 31 ("The rule provides a straightforward mechanism for protecting the best interest of a child during the appellate process" [Emphasis added.]). Civ.R. 75(H) does not purport to apply to judgments that are intended to apply after an appeal has concluded.

{¶ 31} Although made during the appeal of the earlier modification order, the second judgment modifying the parties' parenting time simply was not intended to be effective only during the pendency of the appeal. Therefore, Civ.R. 75(H) appears inapplicable.

{¶ 32} It is true that in general, " 'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. Here the trial court modified the parenting time provision of an order that was on appeal. A review of the timeline for the orders on appeal is helpful. The trial court judgment of May 3, 2016 terminated a shared parenting plan, designated Adam Wade the residential parent, and allotted Ms. Patton parenting time. Ms. Patton appealed that judgment on May 24, 2016, *see*

*Redman v. Wade*, 4th Dist. Lawrence Co. No. 16CA16, 2017-Ohio-2877. On June 23, 2016 Mr. Redmond filed a motion to change the conditions of the May 3, 2016 visitation order because of events that had occurred subsequently to filing of that order.   The trial court exercised jurisdiction and ultimately on September 12, 2016, it modified its May, 2016 order regarding parenting time for Ms. Patton.   The September 12, 2016 order, which ruled upon Mr. Redmond's June 23, 2016 motion, is what we are being asked to review.

{¶ 33} The general rule prohibiting trial courts from proceeding once an appeal is perfected is limited to matters "inconsistent" with the appellate court's jurisdiction to reverse, modify, or affirm the prior judgment.   I am not persuaded that a court acts inconsistently with our jurisdiction when it modifies an order already under our review, if the new order is based on actions and circumstances that occur after the original order was appealed.

{¶ 34} Under these limited circumstances, the trial court has continuing jurisdiction under Civ.R. 75(J) and R.C. 3109.04(B) to consider a properly filed motion to modify a prior order allocating the parental rights and responsibilities.   Therefore, I agree that we have jurisdiction to address the merits of this appeal, albeit for different reasons than those expressed in the majority opinion.

LAWRENCE, 16CA25

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

LAWRENCE, 16CA25

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.