[Cite as *Midfirst Bank v. Wallace*, 2014-Ohio-4525.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MIDFIRST BANK, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-12-122 |
| | : | O P I N I O N |
| - vs - | | 10/13/2014 |
| | : | |
| MARY E. WALLACE, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13 CV 83810

Manley Deas Kochalski LLC, Angela D. Kirk, Kevin L. Williams, Matthew P. Curry, P.O. Box 165028, Columbus, Ohio 43216-5028, for plaintiff-appellee

Pamela L. Pinchot, Penick & Deters Bldg., 1800 Lyons Road, Dayton, Ohio 45458, for defendant-appellant, Mary E. Wallace

Dale A. Stalf, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, for defendant-appellant, Outdoor Environments, Inc.

H. Toby Schisler, 255 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202, for defendant-appellant, New Tech Drywall, LLC

Daniel E. Izenson, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202, for defendant-appellant, C2 IT, LLC d.b.a. Nelson Comfort

Joseph T. Chapman, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215, for defendant-appellant, state of Ohio

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant-appellant, Jim Aumann, Warren County Treasurer

C. Edward Noe, 810 Sycamore Street, 4th Floor, Cincinnati, Ohio 45202, for defendant, MedMart

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Mary E. Wallace, appeals from the decision of the Warren County Court of Common Pleas granting summary judgment to plaintiff-appellee, MidFirst Bank.

{¶ 2} MidFirst Bank filed a foreclosure complaint alleging that Wallace had defaulted on a mortgage and promissory note that was executed by Wallace and her now-deceased husband.

{¶ 3} MidFirst Bank subsequently filed a motion for summary judgment, supported by the affidavit of Matt Kinders. Kinders' affidavit included his job title, his knowledge of MidFirst Bank's business practices, and his personal knowledge of Wallace's account. Kinders indicated that Wallace was in default on the mortgage and note, and specified the amount due and owing. In support of his affidavit, Kinders attached electronically stored copies of the mortgage and note. MidFirst Bank also filed a notice of recorded assignment of mortgage with a copy of the recorded assignment in order to demonstrate that the mortgage was assigned to MidFirst Bank prior to the filing of the complaint.

{¶ 4} Wallace opposed MidFirst Bank's motion for summary judgment, arguing that Kinders lacked personal knowledge and that his affidavit failed to prove that the records relating to the Wallace account were kept in accordance with the policy to which he testified. Finally, Wallace argued that the trial court could not enforce the assignment of mortgage because it was not prepared by an attorney licensed to practice law in the state of Ohio.

{¶ 5} The trial court granted summary judgment in favor of MidFirst Bank. Wallace now appeals that decision, raising a single assignment of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7}   THE TRIAL COURT ERRED BY GRANTING PLAINTIFF-APPELLANT'S [SIC] MOTION FOR SUMMARY JUDGMENT.

{¶ 8}   Within this assignment of error, Wallace argues that the trial court erred by (1) "improperly relying on certain documents as business records of MidFirst [Bank] without a proper foundation being laid, rendering the documents inadmissible," and (2) "relying on an assignment of mortgage, a legal document, drafted by someone not admitted to practice law in Ohio."

{¶ 9}   Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 32.   Civ.R.56(C) sets forth the conditions under which it is appropriate to grant summary judgment: (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).   The party moving for summary judgment has the initial burden of producing evidence that affirmatively demonstrates the absence of a genuine issue of material fact. *First Horizon Home Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 19, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292–93 (1996).   If the moving party meets its burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(C).

### Business Records

{¶ 10}  In order to be admissible, business records must be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims.  Evid.R. 901.  Pursuant to Evid.R. 901(B)(10), authentication of business records "is governed by Evid.R. 803(6)." *Cent. Mtge. Co. v. Bonner*, 12th Dist. Butler No. CA2012-10-204, 2013-

Ohio-3876, ¶ 14, citing *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶ 9 (1st Dist.); *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 18.

{¶ 11} To qualify for admission under Evid.R. 803(6), "a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness." *Bonner* at ¶ 13, citing *State v. Glenn*, 12th Dist. Butler No. CA2009-01-008, 2009-Ohio-6549, ¶ 17; and *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 171. Even after the above elements are established, however, a business record may be excluded from evidence if "the source of information or the method of circumstances of preparation indicate lack of trustworthiness." *Id.*

{¶ 12} In arguing that the records attached to Kinders' affidavit are inadmissible under Evid.R. 803(6), Wallace argues that while Kinders indicated how business records at MidFirst Bank are generally maintained, he failed to aver that the particular records at issue were maintained in such a manner. However, Kinders averred that he is "familiar with business records maintained by MidFirst Bank," and that he made his affidavit "based upon personal knowledge obtained from my personal review of such business records." Thus, Kinders has testified that the records at issue in his affidavit were "such records" as those regularly maintained in accordance with the policy to which he testified. Accordingly, Kinders' affidavit was sufficient to establish that he had personal knowledge of the matters averred therein, and if Wallace wished to contend otherwise, it was her responsibility to "submit" "an opposing affidavit setting forth the appropriate facts[.]" *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981). Wallace failed to do so.

*Mortgage Assignment*

{¶ 13} Finally, Wallace argues that the trial court erred in relying on a mortgage assignment that was not drafted by an Ohio-licensed attorney.

{¶ 14} However, "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991); *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. Franklin No. 13AP-240, 2013-Ohio-5706, ¶ 12. Ohio courts have routinely found that when a debtor or mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of a mortgage, the debtor or mortgagor lacks standing to challenge the validity of the mortgage assignment between an assignor and an assignee. *LSF6 Mercury REO Invests. Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28; *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17-18.

{¶ 15} Here, Wallace is neither a party to, nor a third-party beneficiary of, the assignment of mortgage at issue. Accordingly, Wallace lacks standing to challenge the validity of the assignment.

{¶ 16} In light of the foregoing, having found that (1) Kinders sufficiently established that he has personal knowledge of the records at issue and that they were maintained in accordance with MidFirst Bank's policy for maintaining such records, and (2) Wallace lacked standing to challenge an assignment of the mortgage at issue, Wallace's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.