[Cite as *Hall v. Hall*, 2017-Ohio-580.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| ALLISON S. HALL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-COA-034 |
| JOSHUA D. HALL | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Ashland County Court of Common Pleas, Domestic Relations Division, Case No. 14-DIV-094

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 13, 2017

APPEARANCES:

For Plaintiff-Appellant

NORMAN MILLER, JR.
343 S. Crownhill Road
Box 149
Orrville, OH 44667

For Defendant-Appellee

JEFFREY HAWKINS
One Cascade Plaza
Suite 2210
Akron, OH 44308

*Gwin, P.J.*

{¶1} Appellant appeals the judgment entry of the Ashland County Court of Common Pleas, Domestic Relations Division, overruling her objections to the magistrate's decision designating appellee as the residential and custodial parent of the minor child.

*Facts & Procedural History*

{¶2} Appellant Allison Hall and appellee Joshua Hall were married in October 2010 and are the parents of one minor child, F.H, born December 12, 2012. Appellant filed a complaint for divorce on May 29, 2014. Appellee filed an answer on June 30, 2014. In November of 2014, appellant was designated the temporary residential parent and legal custodian of F.H. Both parents sought to be the permanent residential parent and legal custodian of F.H.

{¶3} A trial was held on appellant's complaint over several days starting November 3, 2015. Witnesses included appellant, appellee, the Guardian Ad Litem Joseph Kearns, appellant's pastor, father, mother, and friend, along with appellee's father, mother, and ex-wife. Also called as witnesses were several employees from the daycare F.H. attends.

{¶4} On direct examination, appellant's attorney questioned appellant regarding her experience with the GAL, including the amount of time he spent with her and the concerns she discussed with him. Appellant's attorney asked her, "And do you remember some of the concerns that you wanted to talk about?" Appellant responded, "Some of the concerns I had were her education, and also just how my ex would act with her because I was concerned because he would rape me on a nightly basis when we were together."

{¶5}   Counsel for appellee objected to the testimony.  Counsel for appellant responded that he was asking what appellant discussed with the GAL and the foundation for the testimony was that it was what she told the GAL.  The magistrate stated he would allow it because it was not offered to prove the truth of the matter asserted and stated, "I will admit that as far as what she told the GAL, not the fact that she was raped." Counsel for appellant then moved on to questioning appellant about the other concerns she discussed with the GAL and did not return to the subject of sexual abuse.

{¶6}   During the cross-examination of appellee and over an objection by appellee's counsel, appellant's counsel asked appellee if he was asked by the GAL about the claims against him regarding sexual impropriety.  Appellee testified that the GAL had asked him about it, he told the GAL he would never abuse anyone, but he could not remember what else he told him.

{¶7}   Joseph Kearns, the GAL for F.H., testified regarding his report and his recommendation.  Kearns testified it would be in the best interest of F.H. for appellee to be named the residential and custodial parent of F.H.  Upon cross-examination by appellant's attorney, Kearns testified he asked appellee about appellant's allegations that she was sexually abused, and Kearns put appellee's answer in the report.  Kearns stated appellee denied he consciously did anything and what was explained to Kearns was that she was lying in bed and he, in a semi-conscious, somewhat sleep state, had engaged in some sort of marital-type relations with the person he found lying next to him in bed.

{¶8}   Appellant reported to Kearns that appellee told her he did not realize he was doing anything due to his sleep state.  It was Kearns' belief that this was confirmation of what appellee told him later on.  Kearns testified appellant told him what happened,

appellee gave an explanation, and Kearns left it at that. Further, there was no police report to look at about any of the allegations.

{¶9} When asked whether he had concerns about the allegations with regards to F.H., Kearns testified it was not an issue because F.H. did not sleep in the same bed as appellee. Kearns stated if he had any concerns of inappropriate sexual activity between the child and either appellant or appellee, it would have been the first thing on his report. Upon further questioning by appellant's attorney, Kearns again stated appellant told him what appellee told her, Kearns asked appellee about it, and appellee gave Kearns the same explanation he gave appellant.

{¶10} The magistrate asked Kearns whether appellant's allegations were of concern to him in developing his recommendation as to the best interest of F.H. Kearns testified that he talked to both parties, the explanation was plausible, and he thus never had a concern as it relates to F.H.

{¶11} The magistrate issued a decision on January 6, 2016. The magistrate found appellee more credible than appellant. The magistrate considered the applicable factors contained in R.C. 3109.04(F)(1). The magistrate noted he took into consideration the GAL's testimony, along with the GAL's report and recommendation, which was admitted as an exhibit under seal. The magistrate concluded it was in the best interest of F.H. for appellee to be designated as the residential and custodial parent.

{¶12} Appellant filed objections and supplemental objections to the magistrate's decision. Appellee filed a response to appellant's objections. The trial court issued a judgment entry on June 24, 2016. The trial court first found that, upon review of the transcript, appellant's counsel was offering her testimony as to the sexual abuse not to

prove she was abused on a nightly basis, but to show she discussed this issue with the GAL. Further, that the magistrate let this testimony in as such and, if appellant interpreted the magistrate's ruling as preventing her from pursuing the allegations further rather in the context of the question being asked, appellant did not proffer any anticipated testimony regarding these allegations. The trial court also found appellant was not prevented from fully cross-examining both appellee and the GAL regarding the allegations. The trial court overruled appellant's objections to and adopted the magistrate's decision. A final decree of divorce was issued on August 26, 2016.

{¶13} Appellant filed an appeal of the judgment entry of the Ashland County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT OVERRRULED APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S PROPOSED DECISION AND VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION."

I.

{¶15} In her assignment of error, appellant argues the trial court violated her due process rights by overruling her objections to the magistrate's decision when the magistrate limited her ability to present evidence of sexual abuse during the trial. Specifically, appellant argues she was not given a full and fair opportunity to be heard when the magistrate refused to let her testify about sexual abuse and refused to let her cross-examine appellee as to sexual abuse allegations.

{¶16} The due process clause of the Fourteenth Amendment requires an opportunity to be heard before an impartial observer, and provides the right to confront and cross-examine witnesses prior to the deprivation of life, liberty, or property interest. *Shimko v. Lobe*, 124 Ohio App.3d 336, 706 N.E.2d 354 (10th Dist. Franklin 1997).

{¶17} Appellant argues this Court's case of *Cohen v. Cohen*, 5th Dist. Fairfield No. 99CA52, 2001 WL 61081 (Jan. 22, 2001), is analogous to the instant case and this Court should find appellant's due process rights were violated as we did with the appellant in *Cohen.* In *Cohen*, the mother of child filed a motion to modify the allocation of parental rights after she alleged the father of the child sexually abused the minor child. *Id.* During the hearing, the father was called on direct examination, but the trial court then excused him from attending the hearing the next day, thus foreclosing his cross-examination by the mother. *Id.*

{¶18} In *Cohen*, we found the appellant was denied due process when the parties were given different degrees of latitude to develop testimony as to the validity, or lack thereof, of the allegations. *Id.* "The trial court repeatedly afforded appellee the opportunity to present evidence tending to show that the allegations of sexual abuse were not substantiated and were false and unreasonable. However, appellant was prevented by the trial court from presenting testimony to show that appellant may have been reasonable in her pursuit of the sexual abuse allegations * * *." *Id.* In addition to appellant not being able to cross-examine appellee regarding the allegations, appellee's expert was permitted to testify as to his opinion that the child was not sexually abused, but appellant's expert was not permitted to testify about his opinion that the child was sexually abused. *Id.* We concluded, "this question of fairness is present throughout the proceedings and

supports this court's finding that appellant was not given a full and fair opportunity to be heard on the motions * * *." *Id.*

{¶19} We find this case distinguishable from *Cohen*. First, unlike in *Cohen*, the abuse allegations were in regards to appellant and appellee, and there was no evidence or testimony as to any abuse allegations with regards to the minor child. Next, unlike in *Cohen*, appellant was permitted to cross-examine appellee regarding what he told the GAL about the allegations. While the magistrate initially instructed appellant's attorney to rephrase the question, counsel for appellant was permitted to ask appellee whether he was asked by the GAL about the abuse allegations and how he responded to the GAL as appellee's further objections to such testimony were overruled by the magistrate. Additionally, unlike in *Cohen*, appellant and appellee were not given different degrees of latitude to develop testimony as to the validity of the allegations.

{¶20} Further, both the GAL and the report of the GAL, which was admitted as an exhibit, addressed appellant's allegations. The magistrate specifically stated in his decision that he considered the report and recommendation of the GAL. The report of the GAL states the GAL was informed of the allegations made by appellant and also details appellee's response when the GAL asked him about the allegations. Appellee denied consciously doing anything and stated he did not realize what he was doing due to his sleep state. The GAL similarly testified that appellant made the allegations and appellee denied doing anything consciously and instead was in a sleep state.

{¶21} Additionally, the magistrate permitted counsel for appellant to extensively cross-examine the GAL regarding his consideration of these allegations. The GAL testified there was no concern with regards to the minor child as it related to the child's

best interest because he talked to both parents and the explanation regarding the allegations was plausible.

{¶22} Finally, when appellant sought to testify regarding the sexual abuse allegations, the testimony was offered to show what issues she discussed with the GAL. The magistrate thus permitted appellant to answer the question that was asked and allowed the testimony "as far as what she told the GAL, not the fact that she was raped." Appellant then testified about other issues she discussed with the GAL and there was no further inquiry into the sexual abuse allegations. Appellant did not proffer any additional or anticipated testimony as to the allegations.

{¶23} Based on the foregoing, we find this case distinguishable from *Cohen*. Further, we find appellant's due process rights were not violated in this case.

{¶24} Appellant's assignment of error is overruled and the judgment entry of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur