[Cite as *Christiana Trust v. Berter*, 2020-Ohio-727.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF THE NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-13, | : : : : | CASE NO. CA2019-07-109 |
| Appellee, | : | O P I N I O N<br>3/2/2020 |
| - vs - | : : | |
| DANIEL A. BERTER, et al., | : | |
| Appellants. | | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-06-1362

Shapiro, Van Ess, Phillips & Barragate, LLP, Phillip Barragate, Christopher G. Phillips, 4805 Montgomery Road, Suite 320, Norwood, Ohio 45212, for appellee

Andrew M. Engel Co., LPA, Andrew M. Engel, 7925 Paragon Road, Dayton, Ohio 45459, for appellants

Dann Law, Marc E. Dann, Brian D. Flick, P. O. Box 6031040, Cleveland, Ohio 44103, for appellants

**S. POWELL, J.**

{¶ 1} Defendants/Mortgagors, Daniel and Tamara Berter, appeal from the decision of the Butler County Court of Common Pleas, which granted summary judgment and a foreclosure in favor of Plaintiff/Mortgagee, MTGLQ Investors, LP (MTGLQ). For the

reasons described below, this court affirms the trial court decision.

{¶ 2} In June 2016, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee of the Normandy Mortgage Loan Trust, Series 2013-13 (Christiana) filed a foreclosure complaint against the Berters. The complaint alleged that Christiana was the holder of a promissory note executed by the Berters and that the Berters had defaulted on their repayment obligation. The complaint alleged the Berters owed $103,744.46 plus interest on the note, which note was secured by a mortgage on the Berters' real property.

{¶ 3} Christiana attached a copy of the Berters' note and an allonge to the note indicating that the note had been endorsed and assigned multiple times since it was originally executed in 2005. However, in the portion of the allonge containing information referring to the original note, only the Berters' address was accurately listed. For unknown reasons, all other identifying information within the allonge was incorrect, including the date of the original note, the name of the borrowers (identifying the borrower as "Daniel *Barter*" rather than "Daniel and Tamara Berter"), the original loan amount, and the original lender.

{¶ 4} The Berters defended the complaint pro se. Christiana later moved for summary judgment. In opposing the motion, the Berters challenged the validity of the note and raised arguments concerning the erroneous information within the allonge.

{¶ 5} In response, Christiana moved for an extension of time and indicated it was investigating the Berters' claims. Christiana later moved to file an amended complaint. In the supporting motion, Christiana's counsel represented that Christiana's custodian of records had forwarded the original note, which had a different allonge attached to it than that attached to the complaint. Christiana attached a copy of the original note, which appeared to be the same promissory note attached to the complaint, but appended with a different allonge that accurately listed the original note date, borrower names and address,

original loan amount, and original lender.

{¶ 6} In May 2017, the court scheduled a report hearing for August 2017. Subsequently, the court granted Christiana's motion to amend the complaint. On the morning of the report hearing, Christiana filed its amended complaint containing the note and corrected allonge.

{¶ 7} At the hearing, Christiana's counsel and the Berters appeared before a magistrate. The magistrate opened the hearing by stating that at the last report hearing the Berters had raised concerns with the court over whether Christiana was the proper party to enforce the note. As a result, the magistrate had asked Christiana to bring the original note into court for inspection.

{¶ 8} Christiana's counsel confirmed that she had the original note and provided it to the magistrate who then examined and described the note and allonge. The magistrate also examined the incorrect allonge, which Christiana's counsel indicated on the record was a "clear error" and which had been inadvertently attached at the filing of the complaint.

{¶ 9} The magistrate then allowed the Berters to examine the note. The Berters made no remarks on the record while reviewing the note. Afterwards, the magistrate announced that the court was satisfied that Christiana had produced the original note, that all the assignments appeared in order, and that Christiana was therefore the proper party to enforce the note. The Berters did not object or otherwise comment on the magistrate's remarks.

{¶ 10} The Berters subsequently hired counsel. In April 2018, Christiana moved for summary judgment. Christiana supported its motion with an affidavit of the custodian of records of "Selene Finance, LP" (Selene). The affidavit explained that Selene was Christiana's mortgage servicer and maintained Christiana's business records. The affidavit incorporated various documents by reference, including an accounting of payments

received on the note, and documents establishing the chain of assignments of both the note and mortgage.

{¶ 11} The Berters opposed summary judgment. While they did not dispute that they had defaulted on the note, they raised numerous other arguments. Among these arguments, the Berters challenged whether the note was valid, whether the note was validly assigned, whether Christiana had the right to enforce the note, whether Christiana had complied with regulations promulgated by the United States Department of Housing and Urban Development (HUD), and whether Christiana had properly accounted for all payments and credits received on the loan account.

{¶ 12} Later, the parties jointly moved for a telephone conference to discuss whether the parties were bound by the magistrate's statement at the August 2017 hearing that Christiana was in possession of the original note and had the right to enforce the note. Whether this telephone conference occurred is not apparent from the record. But shortly thereafter the magistrate issued a decision finding that Christiana possessed the original promissory note, that it had been properly transferred to Christiana through an established chain of assignments, and that Christiana was the proper plaintiff.

{¶ 13} The Berters objected to the magistrate's decision. The court overruled the objections and found that Christiana had standing to enforce the note and mortgage.

{¶ 14} Before the court ruled on the pending summary judgment motion, Christiana moved to substitute itself with MTGLQ. Christiana explained that it had assigned the note and mortgage to MTGLQ subsequent to filing the amended complaint. Christiana attached exhibits to the motion which included an allonge endorsed in blank and a mortgage assignment from it to MTGLQ.

{¶ 15} The court granted Christiana's motion to substitute. It then granted summary judgment in favor of MTGLQ. In granting Christiana's motion, the court rejected the Berters'

arguments challenging the assignment of the note and mortgage and Christiana's right to enforce the note. It based that decision upon its earlier ruling on the objections to the magistrate's decision, which it described as law of the case. The court further rejected the Berters' argument that Christiana had not properly accounted for all payments, finding that the Berters' had submitted no evidence contesting the amount due. Finally, the court rejected the Berters' argument that Christiana failed to comply with HUD regulations before accelerating the note, finding that the loan was not subject to HUD regulations. Having concluded that Christiana had the right to enforce the note and the note was in default, the court concluded that Christiana had demonstrated a lack of genuine issues of fact for trial and that Christiana was entitled to foreclose as a matter of law.

{¶ 16} The Berters appeal, raising two assignments of error.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED IN OVERRULING THE BERTERS' OBJECTIONS TO MAGISTRATE'S DECISION.

{¶ 19} The Berters argue that the court violated their constitutional right to due process of law when the magistrate accepted evidence at the August 2017 report hearing and made a conclusive factual determination that Christiana was the proper party to enforce the promissory note.

{¶ 20} The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." Ohio also guarantees the right of due process of law in Section 16, Article I of the Ohio Constitution. The essential components of due process are notice, hearing, and the opportunity to be heard before a competent tribunal. *Denier v. Carnes-Denier*, 12th Dist. Warren Nos. CA2016-02-012 and CA2016-04-022, 2017-Ohio-334, ¶ 21. Opportunity must be afforded the parties in appropriate cases to defend, enforce or protect their rights through

presentation of their own evidence, confrontation and cross-examination of adverse witnesses, and oral argument. *Id.*

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance * * *. (Citations omitted.)

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950).

{¶ 21} The Berters argue that pursuant to the local rules of the Butler County Common Pleas Court, report hearings are to be used for case scheduling and that motions are not to be argued or considered. As such, the Berters argue they were entirely unaware that Christiana would produce the original note at the hearing, that the court would consider it evidence, and that their failure to object to this procedure would result in the court making a conclusive factual finding. The Berters further contend that they were not afforded an opportunity to present their own evidence during the hearing.

{¶ 22} The transcript of the hearing belies the Berters' claim that they were unaware that Christiana would produce the original note at the hearing. The magistrate stated at the outset that the purpose of the report hearing was because the Berters had raised concerns with the note:

> Thank you all for coming in again. Last time we were here, the Berters had advised that they had some concerns about whether or not Plaintiff was the proper party to bring the case. So at that time, I did ask Plaintiff to bring in the original note today.

{¶ 23} After the magistrate and the Berters examined the note, the court asked the Berters if they wished to make any remarks. Ms. Berter asked a question concerning another matter, i.e., whether she had the right to respond to answer the amended complaint.

{¶ 24} The Berters claim they were not permitted to submit contrary evidence. Yet the Berters' did not offer evidence. Thus, the court did not deny them the opportunity to submit contrary evidence. The Berters also do not explain what hypothetical evidence they would have submitted that could have changed the outcome of the hearing or the result of the case.

{¶ 25} Furthermore, in holding a hearing for the purposes of inspecting the note and determining that Christiana had standing to enforce the note, the court acted within its inherent discretion to reduce or clarify the issues for trial. The Berters did not dispute that they were in default of payment on the note. Rather, they challenged whether Christiana was the proper party to enforce the note. The procedure allowed the court to resolve a straightforward yet contested issue and remove one barrier towards case resolution. The trial court did not violate the Berters' due process rights. The Berters had reasonable notice that the hearing would involve examining the note. This court overrules the Berters' first assignment of error.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.

{¶ 28} The Berters raise various arguments challenging the summary judgment granted to MTGLQ. Appellate review of a trial court's decision granting summary judgment is de novo. *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 7. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 18. "The party moving for summary judgment

bears the initial burden of demonstrating that no genuine issue of material fact exists." *Fifth Third Bank v. Bolera*, 12th Dist. Butler No. CA2017-03-039, 2017-Ohio-9091, ¶ 25, citing *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.). Once this initial burden is met, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7, citing Civ.R. 56(E).

{¶ 29} A party seeking to foreclose on a mortgage must establish (1) execution and delivery of the note and mortgage, (2) valid recording of the mortgage, (3) that it is the current holder of the note and mortgage, (4) default, and (5) the amount due. *M&T Bank* at ¶ 8. Having reviewed Christiana's motion for summary judgment and the attached affidavit and exhibits, we find that the trial court properly granted summary judgment in favor of MTGLQ. Christiana's evidence established that the Berters executed a note in 2005 with a promise to pay Union Federal Bank of Indianapolis, and that, through a series of endorsements, the note was assigned to Christiana. Similarly, the evidence demonstrated a chain of assignments of the original mortgage to Christiana. And the custodian's affidavit authenticated a payment history of the note, which demonstrated the amount due.

{¶ 30} Christiana also demonstrated a condition precedent to acceleration, i.e., it provided the Berters with notice of default before accelerating the note. There were no factual disputes as to execution and delivery, valid recording, or default. As such, the summary judgment evidence established that MTGLQ – Christiana's successor in interest – was entitled to foreclose and was due $103,744.46, plus interest at the note rate of 5.875 percent from the date of default, or February 1, 2014.

{¶ 31} The Berters first argue that Christiana attached an incorrect allonge to the note produced at the August 2017 report hearing, and this note was "not related" to the

Berters' note.[1]   As such, the Berters argue that Christiana had no right to enforce the note and therefore lacked standing to pursue judgment.  However, the transcript of the hearing indicates that Christiana presented the note with the corrected allonge.  The magistrate described the corrected allonge and then went on to state that there was "another allonge." The court then clarified that the other allonge referred to a different loan amount and a different lender, i.e., "Sun Trust Mortgage, Inc." The court explained that this allonge had been "incorrectly" attached at the filing of the complaint.

{¶ 32} Regardless of what occurred at the August 2017 hearing, this court's review of the summary judgment decision is de novo and was confined to the affidavit and supporting documents filed by both parties.  There is no dispute that Christiana submitted the note and corrected allonge into the record for purposes of summary judgment.  It is the summary judgment record – not the evidence taken at the report hearing – that forms the basis of this court's determination that the trial court did not err in granting judgment to MTGLQ.

{¶ 33} Next, the Berters challenge the validity of one of the assignments within the overall chain of assignments of the note, specifically, the assignment on the note between HUD and Christiana.  The Berters contend that a limited power of attorney used by the mortgage servicer to authorize an endorsement by HUD had expired, thus, the Berters argue that this specific assignment was not authorized and ineffective to transfer the note. However, "when a debtor or mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of a mortgage, the debtor or mortgagor lacks standing to challenge the validity of the mortgage assignment between an assignor and an assignee." *MidFirst Bank*

---

1. The reason the report hearing bears any relevance to the summary judgment decision is because the summary judgment decision referred to the court's earlier ruling as to Christiana's standing to enforce the note, which ruling derived from the report hearing.

*v. Wallace*, 12th Dist. Warren No. CA2013-12-122, 2014-Ohio-4525, ¶ 14. *Accord Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 15; *Wells Fargo Bank v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, ¶ 57. The Berters were neither parties to, nor third-party beneficiaries of, the assignment of the promissory note. Accordingly, the Berters lack standing to challenge the validity of the assignment between HUD and Christiana.[2]

{¶ 34} While acknowledging that *MidFirst* represents the law of this district, the Berters ask us to consider overruling precedent on the basis of a case where a divided panel of the Tenth District Court of Appeals allegedly overruled the district's prior precedent and held that a mortgagor has standing to challenge the validity of assignments of their note and mortgage. *U.S. Bank Natl. Assn. v. George*, 10th Dist. Franklin No. 14AP-817, 2015-Ohio-4957. Upon review, this court declines to reconsider our precedent. We agree with the exhaustive examination of both this issue and the *George* decision by our colleagues in the Second District Court of Appeals. *U.S. Bank, N.A. v. Courthouse Crossing Acquisitions, L.L.C.*, 2d Dist. Montgomery No. 27648, 2017-Ohio-9231, ¶ 34-63. We further agree with the Second District, as well as the separate opinion in *George,* which found the statements by the *George* majority to be dicta. *Courthouse Crossing* at ¶ 53; *George* at ¶ 44-45 (Dorrian, J., concurring in judgment only).[3]

{¶ 35} Next, the Berters argue that genuine issues of fact remain for trial because

---

2. Christiana argues that even if there were an issue with the assignment, it would still be entitled to enforce the note as a nonholder in possession who has the rights of a holder pursuant to R.C. 1303.22. We need not address this issue considering our resolution of the Berters' argument.

3. Many Ohio courts of appeal have similarly held that a mortgagor who is not a party to an assignment lacks standing to challenge the validity of the assignment. *Chase Home Fin., L.L.C. v. Heft*, 3rd Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio-876, ¶ 37; *HSBC Bank USA v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 21; *U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39; *Bank of New York Mellon v. Clancy*, 2d Dist. Montgomery No. 25823, 2014-Ohio-1975, ¶ 33; *Bank of New York Mellon v. Huth*, 6th Dist. Lucas Nos. L-12-1241, L-12-1283, 2014-Ohio-4860, ¶ 25.

Christiana's accounting of the amount past due on the note did not include credit for a January 2014 payment made by the "Save the Dream" program.[4] However, "[a]n affidavit stating that the plaintiff is the owner of the note and mortgage and that the loan is in default generally is sufficient to permit a trial court to enter summary judgment and order foreclosure, unless there is evidence that controverts the averments." *JP Morgan Chase Bank, N.A. v. Johnson*, 2d Dist. Champaign No. 2014-CA-27, 2015-Ohio-1939, ¶ 10, citing *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *Yorkwood S. & L. Assn. v. Jacobs*, 2d Dist. Montgomery No. 11998, 1990 Ohio App. LEXIS 3143 (Jul. 31, 1990). Ms. Berter admitted in her affidavit that the Save the Dream funds were paid. Other than the claim in her affidavit that the funds were not accounted for, the Berters offered no evidence to support this contention. The Berters admitted that they have not made a payment towards this loan since February of 2014 and presented no other evidence creating a genuine issue of fact for trial as to the amount due on the note.

{¶ 36} The Berters next argue that their loan originated as an FHA loan and was subject to certain HUD regulations regarding Christiana's obligations upon default. The Berters contend that Christiana failed to prove compliance with these regulations prior to accelerating the note and filing the foreclosure complaint. In response, Christiana contends that FHA sold the loan soon after it originated and that the FHA insurance contract was no longer in effect at the time of default and the loan was therefore not subject to HUD regulations.

{¶ 37} The summary judgment evidence is unclear as to whether the loan was

---

4. The record indicates this case is the second foreclosure filed against the Berters concerning this note and mortgage. The first case, filed in 2013, resolved itself when the Berters received funds from the Save the Dream program, which provided them with an approximate $20,000 loan, secured by a second mortgage on the property, which was then paid towards the balance owed in order to reinstate the loan. However, it appears that just as the Save the Dream funds were paid and the foreclosure case dismissed, the Berters once again stopped making any payment towards their mortgage, apparently because of late fees that they wanted removed from the account.

subject to HUD regulations at the time of default. Ms. Berter averred in her affidavit that the loan originated as an FHA loan. Christiana's records custodian averred that the loan was not federally insured. But the record supports Christiana's argument that the Berters were not paying mortgage insurance, thus suggesting that the loan was not an FHA loan.

{¶ 38} Regardless, the Berters' specific claims concerning HUD non-compliance involve Christiana allegedly failing to provide proper notice of acceleration and failure to make efforts to have a face-to-face meeting concerning their default. First, the Berters claim that they did not receive notice that they would have 30 days from the date of notice of default to either cure default or enter a loan workout. 24 C.F.R. 201.50(b)(4). Yet the notice of default letter in the summary judgment record indicates that Selene provided the Berters with notice that they were in default and provided them with 45 days to cure the default. The letter also informed the Berters that they could qualify for a loan workout. Thus, the letter provided the Berters with an additional 15 days beyond that required by the regulation.

{¶ 39} Second, the Berters argue that Christiana failed to prove that it conducted a face-to-face meeting pursuant to 24 C.F.R. 203.604. This regulation requires a mortgagee to have a face-to-face meeting with the mortgagor or attempt to have such meeting, which attempt can be accomplished by sending a letter requesting a meeting. *Id.* at subsection (d). However, the regulation also provides for five exceptions to the in-person meeting requirement, including an exception where the mortgagee is not located within 200 miles of the mortgaged property. *Id.* at subsections (c)(1) to (5). The record reflects that Selene's offices were in Houston, Texas and the mortgaged property was in Fairfield, Ohio. It is not clear whether Christiana had a different address for purposes of HUD regulations. Regardless, the Berters do not address any of the exceptions and their argument simply presumes that none apply.

{¶ 40} Even if this court assumed that none of the exceptions applied, the Berters

simply claim that Christiana violated this regulation. They cite no summary judgment evidence supporting their claim. To be entitled to foreclose, Christiana is not required to submit summary judgment evidence of compliance with every potentially applicable HUD regulation unless there is some evidence presented indicating a regulation applies and was not followed. This argument is meritless.

{¶ 41} The Berters final argument is that the substituted plaintiff – MTGLQ – presented no evidence as to its right to enforce the note and mortgage. However, Christiana demonstrated its entitlement to enforce the note and mortgage and that there were no genuine issues of fact for trial. Christiana then moved to substitute MTGLQ for itself after Christiana assigned the note and mortgage to MTGLQ during the pendency of the case. Christiana supported the motion with exhibits including an allonge to the note with an endorsement in blank and an assignment of the mortgage from Christiana to MTGLQ. Both Christiana and MTGLQ were represented by the same attorneys and the court could reasonably rely on Christiana proving its entitlement to enforce the note and mortgage as a basis for an award of summary judgment in favor of MTGLQ.

{¶ 42} Consequently, the evidence submitted by Christiana demonstrated that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. This court finds no error in the trial court's decision to grant summary judgment in favor of MTGLQ. This court overrules the Berters' second assignment of error.

{¶ 43} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.