[Cite as *Vaughn v. Vaughn*, 2022-Ohio-2533.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| LINDSAY VAUGHN, | : | |
| Appellee, | : | CASE NO. CA2021-08-078 |
| | : | <u>OPINION ON RECONSIDERATION</u> |
| - vs - | : | 7/25/2022 |
| | : | |
| JEFFERY A. VAUGHN, | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 17DR39921

Stagnaro Hannigan Koop, Co., LPA, and Michaela M. Stagnaro, for appellee.

Stafford Law Co., L.P.A., and Joseph G. Stafford and Nicole A. Cruz, for appellant.

**S. POWELL, J.**

{¶ 1}  Appellant, Jeffery A. Vaughn ("Husband"), timely moved this court pursuant to App.R. 26(A) to reconsider multiple aspects of our May 31, 2022 decision issued in *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2021-08-078, 2022-Ohio-1805 ("*Vaughn I*"). Appellee, Lindsay Vaughn ("Wife"), filed a memorandum in opposition to Husband's motion

for reconsideration. Wife also moved this court for an award of attorney fees.

{¶ 2} Upon consideration of Husband's motion for reconsideration, and Wife's memorandum in opposition, this court grants Husband's motion as it relates to Husband's second argument presented in his second assignment of error only.[1] That being, whether it was error for the domestic relations court to overrule Husband's objection to the magistrate's decision barring him from cross-examining Wife at the October 7, 2020 final divorce hearing about matters that Wife had previously testified to at the final divorce hearing held on September 18, 2019. In all other respects, Husband's motion for reconsideration is denied. So too is Wife's motion for attorney fees.

### Facts and Procedural History

{¶ 3} In *Vaughn I*, this court rejected Husband's claim that it was reversible error for the domestic relations court to overrule Husband's objection to the magistrate's decision barring him from cross-examining Wife at the October 7, 2020 final divorce hearing about matters that Wife had previously testified to at the final divorce hearing held on September 18, 2019. *Id.* at ¶ 33 and 34. In so doing, this court found Husband "did not proffer what he believed Wife would testify to [on cross-examination] had he been given that opportunity." *Id.* at ¶ 33. Therefore, because Husband did not proffer what he believed Wife would testify to on cross-examination, this court held that "because this court has

---

1. We note that Husband's other arguments raised in his motion for reconsideration either (1) did not call to this court's attention an obvious error in its decision or (2) did not raise an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Erzurum v. Erzurum*, 7th Dist. Mahoning No. 20 MA 0012, 2021-Ohio-2014, ¶ 4 ("The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been"). Husband's other arguments instead merely showcased his disagreement with this court's conclusions and/or attempted to rehash the arguments Husband had presented in his initial appeal. A motion for reconsideration will not be granted on either of those bases. *See Grothaus v. Warner*, 10th Dist. Franklin No. 08AP-115, 2008-Ohio-6683, ¶ 2 (a motion for reconsideration is not to be used "where a party simply disagrees with the appellate court's logic or conclusions"); and *Appenzeller v. Dept. of Rehab & Corr.*, 10th Dist. Franklin No. 17AP-747, 2018-Ohio-1698, ¶ 4 (a motion for reconsideration will be denied "where the moving party 'simply seeks to rehash the arguments' presented in the initial appeal"), quoting *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127 (10th Dist.1992).

nothing to review, Husband cannot demonstrate any resulting prejudice from the domestic relations court's decision." *Id* at ¶ 34.

{¶ 4} On June 10, 2022, Husband filed a motion pursuant to App.R. 26(A) requesting this court reconsider our decision rejecting, among other things, his second argument presented in his second assignment of error in light of the language found in Evid.R. 103(A)(2). Pursuant to that rule, "[o]ffer of proof is not necessary if evidence is excluded during cross-examination." Given the language found in Evid.R. 103(A)(2), to the degree this court's decision in *Vaughn I* found Husband's argument lacked merit given that Husband did not proffer what he believed Wife would testify to on cross-examination at the October 7, 2020 final divorce hearing had Husband been given the opportunity to question Wife about matters Wife had previously testified to at the final divorce hearing held on September 18, 2019, that holding is hereby reconsidered. In all other respects, this court's decision in *Vaughn I* remains unchanged.

### Question Presented on Reconsideration

{¶ 5} On reconsideration, we are again tasked with determining whether it was reversible error for the domestic relations court to overrule Husband's objection to the magistrate's decision barring him from cross-examining Wife at the October 7, 2020 final divorce hearing regarding Wife's previous testimony from the final divorce hearing held on September 18, 2019. Husband argues the magistrate's decision limiting his cross-examination of Wife constituted a violation of his right to due process. Husband also argues the magistrate's decision to limit his cross-examination of Wife at the October 7, 2020 final divorce hearing was "not premised on applicable law, but on the trial court's ill will and hostility towards [him]." We find no merit to either of Husband's arguments.

### Due Process of Law Standard

{¶ 6} The Fourteenth Amendment to the United States Constitution provides that

no state shall "deprive any person of life, liberty, or property, without due process of law." The state of Ohio also guarantees the right of due process of law in Article I, Section 16, of the Ohio Constitution. *Christiana Trust v. Berter*, 12th Dist. Butler No. CA2019-07-109, 2020-Ohio-727, ¶ 20. "The fundamental requirements of due process are notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Lemasters v. Lemasters*, 12th Dist. Madison No. CA2018-06-018, 2019-Ohio-4395, ¶ 35, citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976). Due process also "provides the right to confront and cross-examine witnesses prior to the deprivation of life, liberty, or property interest." *Hall v. Hall*, 5th Dist. Ashland No. 16-COA-034, 2017-Ohio-580, ¶ 16, citing *Shimko v. Lobe*, 124 Ohio App.3d 336 (10th Dist.1997). "That right attaches in divorce proceedings." *Blevins v. Blevins*, 2d Dist. Greene No. 2018-CA-23, 2019-Ohio-297, ¶ 35, citing *Council v. Council*, 2d Dist. Montgomery No. 23514, 2010-Ohio-3445, ¶ 29. A party may be denied due process when the parties involved in divorce proceedings are given different degrees of latitude to develop testimony regarding the matters at issue. *Hall* at ¶ 18, citing *Cohen v. Cohen*, 5th Dist. Fairfield No. 99CA52, 2001 Ohio App. LEXIS 202 (Jan. 22, 2001).

## Analysis

{¶ 7} In this case, although we are still of the opinion the magistrate should have given Husband the full opportunity to cross-examine Wife at the October 7, 2020 final divorce hearing about matters that Wife had previously testified to at the final divorce hearing held on September 18, 2019, we find such error was, at worst, harmless error that does not require this case be reversed and remanded for yet another final divorce hearing to allow Husband to question Wife about matters she testified to nearly three years ago. This is because, as the record firmly establishes, any additional questions Husband could have asked Wife at the October 7, 2020 final divorce hearing about matters Wife had

- 4 -

testified to at the September 18, 2019 hearing would not have added any meaningful substance to the proceedings and served as nothing more than Husband's continued attempts to harass Wife and interject himself in matters that are no longer his concern.  This is necessarily the case when considering Husband was precluded from offering any of his own exhibits or calling any of his own witnesses (other than himself) to contradict the testimony and evidence that Wife had presented as part of her case-in-chief.

{¶ 8}   This becomes clear when reviewing the questions Husband was permitted to ask Wife at the October 7, 2020 final divorce hearing.  This included Husband asking Wife on multiple occasions and in multiple different iterations: (1) why Wife left her previous employment; (2) if Wife allowed their daughter, E.C.V., to call Husband on his birthday; (3) where Wife lived when she was single prior to Wife marrying Husband; (4) if Husband ever stayed the night in the house that Wife moved into after Wife moved out of the marital home; (5) if Husband was a youth football coach for their son, J.A.V.; and (6) whether Wife included Husband's phone number and e-mail address on the forms Wife provided to the children's elementary school.

{¶ 9}   The record indicates Husband also routinely editorialized and added his own commentary to many of the questions he posed to Wife, thereby turning what was supposed to be Husband's opportunity to cross-examine  Wife into something more akin to Husband taking the stand and himself testifying.  This happened so frequently that the magistrate had to pause the proceedings on numerous occasions to remind Husband to save his comments for the appropriate time when he took the stand to testify as part of his own case-in-chief.  Therefore, despite Husband's claims, we find no merit to Husband's claim alleging the magistrate's decision limiting his cross-examination of Wife constituted a violation of his right to due process.  We also find no merit to Husband's claim alleging the magistrate's decision to limit his cross-examination of Wife was "not premised on applicable law, but on

the trial court's ill will and hostility towards [him]."

{¶ 10} In so holding, we note the domestic relations court overruled Husband's objection to the magistrate's decision based upon its finding, in pertinent part, the following:

> The essence of [Husband's] objection is that even though he never produced documentation of his separate property interests, he could have successfully proven his case had he been given the full opportunity to cross-examine [Wife] about those interests.
>
> Having considered [Husband's] argument, the Court agrees [Husband] should have been given the full opportunity to cross-examine [Wife] on all testimony, not just the testimony of events since the last day of trial. However, the Court finds that [Husband] was no more adept at cross-examination than he was at complying with Court Orders, working cooperatively with Mother, or meeting the expectations of his attorneys so they could continue to represent him. In other words, asking the simple question, "Isn't it true I have a separate interest?" would not have, in itself, proved his case. [Wife] would have had every right to say, "I don't know. I need to see the paperwork that proves it." [Husband] had previously elected not to hand over that paperwork.
>
> Given the length of this case and given the total lack of cooperation by [Husband] throughout it, the Court is not going to reschedule another limited trial date in order to give [Husband] the opportunity to ask questions that likely will not change the outcome of this case. All of his aggressive techniques have hurt [Husband] in the end. Had he instead been forthcoming with information from the beginning, respectful with Mother in his communication, and cooperative with his attorneys, this case could have been over a long time ago with [Husband] likely enjoying everything he now continues to fight for.

We agree with the domestic relations court's decision and adopt the domestic relations court's rationale as if it was this court's own.

## Conclusion

{¶ 11} For the reasons set forth above, we find any error the magistrate may have made by barring Husband from cross-examining Wife at the October 7, 2020 final divorce hearing about matters that Wife had previously testified to at the September 18, 2019

- 6 -

hearing was, at worst, harmless error given that any additional questions Husband could have asked Wife about the testimony and evidence she provided at the that final divorce hearing would not have added any meaningful substance to the proceedings. Therefore, because we still find no reversible error in the domestic relations court's decision, Husband second argument presented in his second assignment of error is again overruled.

**{¶ 12}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.